Mr. Mike Hutchens Pulaski County Comptroller 201 South Broadway, Suite 420 Little Rock, Arkansas 72201
Dear Mr. Hutchens:
I am writing in response to your request, made under A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007), for my opinion as to whether your decision to release a "series of reports prepared by the payroll department" in response to a Freedom of Information Act ("FOIA") request is consistent with the provisions of that act, codified at A.C.A. §§ 25-19-101 to-109 (Repl. 2002 and Supp. 2007). The decision was in response to a request for the following:
 All wages filed on W2 forms, overtime pay, overtime hours, as well as first name, middle name, last name, race, gender, date of birth, hire date, position, department, wage garnishments, employee ID number, as well as any other information the county maintains in payroll records for each employee and officer from 04/01/2008 to 08/01/2008.
E-mail from William Phillips to Mike Hutchens, Pulaski County Comptroller, Pulaski County Administration (August 13, 2008).
As the records' custodian, you have determined that the requested records, with the exception of dates of birth and wage garnishments, are personnel records subject to disclosure under the FOIA. Your request goes on to state that you "will not be supplying any federal forms to comply with this request, but, rather intend to comply . . . by providing a series of reports prepared by the payroll department." Attached to your request is a list of Pulaski County employees who have objected to the release of their records and requested an Attorney General's opinion. *Page 2 
Pursuant to A.C.A. § 25-19-105(c)(3)(B)(i), and on behalf of the subjects of the records, you seek my opinion as to whether your decision is consistent with the FOIA.
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to state whether a custodian's decision regarding the disclosure of requested documents is consistent with the FOIA. In the present case, you as custodian have determined that records containing the requested information are personnel records and should be released with the exception of the employees' dates of birth and wage garnishments. In my opinion, assuming the release of information is restricted to the reports described above, your decision is consistent with the FOIA, with one possible exception. I have no information regarding the requested "employee ID number," but assuming such numbers exist in the county system, it should be noted that in at least one other instance, this office opined that the custodian correctly decide to redact an "employee personnel number" from particular records where the number provided access to an employee's social security number. See Op. Att'y Gen.2007-070 (regarding a request for a copy of the Arkansas Administrative Statewide Information System ("AASIS") employee database.) It should perhaps also be noted that pursuant to A.C.A. § 25-19-105(b)(11) (Supp. 2007), records containing "personal identification numbers" used for computer security functions are specifically exempt from disclosure under the FOIA. As indicated, I have no information upon which to gauge whether this exemption applies to the requested "employee ID number" but if these numbers provide access to computerized data, I believe it is clear that subsection 25-19-105(b)(11) prohibits the inclusion of such numbers from the reports you intend to release.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or *Page 3 
any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Given that the subjects of the request are county employees, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As my predecessor noted in Op. Att'y Gen. 99-305:
 If records fit within the definition of "public records" . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy. . ." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147, citing Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 3rd Ed., 1998) at 134.
Accord Op. Att'y Gen. 2001-122.
In my opinion, the records in question are "personnel records" for purposes of the FOIA. As noted above, "personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007). The FOIA does not define the phrase "clearly unwarranted invasion of personal *Page 4 
privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweigh that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198, 94-178, and 93-055; Watkins,supra at 126. The test is an objective one. See, e.g., Op. Att'y Gen.96-133. In addition, the motive of an FOIA requester is generally irrelevant to the analysis. Op. Att'y Gen. 2006-142.
At issue, then, is whether disclosing documents that reflect all wages filed on W2 forms, overtime pay, overtime hours, employee name, race, gender, date of birth, hire date, position, department, wage garnishments, ID number, and "any other information the county contains in payroll records," would amount to a "clearly unwarranted invasion of personal privacy." *Page 5 
In my opinion, documents reflecting the bulk of the requested information are subject to inspection and copying under the FOIA.See Op. Att'y Gen. 2008-129 (citing Op. Att'y Gen. Nos. 2007-070, 2005-260, 2005-114, 2005-085, 2005-058, 2005-057, 2004-258, 2004-256, 2004-255, 2004-202, 2002-257 and 2002-107). I and my predecessors have consistently opined that basic employment information, salaries, and overtime compensation of public employees are subject to public inspection and copying. Id. (citing Op. Att'y Gen. Nos. 2008-050, 2006-141, 2005-051, 2003-298 and 2002-087.) This office has further previously concluded that the names, races, gender, dates of hire and job titles of public employees are subject to disclosure under the FOIA.See, e.g., Op. Att'y Gen. Nos. 2005-100, 2004-255, 1999-305, 1995-012 and 91-351. The public interest in this type of information is substantial and any potential privacy interest does not outweigh it, in my opinion.
With regard, however, to wage garnishments and dates of birth, I believe you have correctly determined that this information is exempt from disclosure. Regarding wage garnishments, I previously addressed this matter in Attorney General Opinion 2008-129. I will not restate the substance, but instead refer you to the opinion for the proper analysis. Regarding dates of birth, it is my opinion, consistent with previous opinions of this office, that dates of birth of public employees are properly shielded from public inspection under A.C.A. § 25-19-105(b)(12). See Op. Att'y Gen. Nos. 2008-046, 2007-278, 2007-070 and 2007-064. Please note that home addresses of employees are also specifically exempted. A.C.A. § 25-19-105(b)(13) (Supp. 2007).
With regard, additionally, to the request for the "employee ID number," it should be noted that while I have no information regarding such numbers, this office in at least one other instance opined that the custodian correctly decided to redact an "employee personnel number" from particular records where the number provided access to an employee's social security number. See Op. Att'y Gen. 2007-070
(regarding a request for a copy of the Arkansas Administrative Statewide Information System ("AASIS") employee database.) Reference should perhaps also be made to A.C.A. § 25-19-105(b)(11), which provides:
 Records containing measures, procedures, instructions, or related data used to cause a computer or a computer system or network, including telecommunication networks, or applications thereon, to *Page 6 
perform security functions, including, but not limited to, passwords, personal identification numbers, transaction authorization mechanisms, and other means of preventing access to computers, computer systems or networks, or any data residing therein;
A.C.A. § 25-19-105(b)(11) (Supp. 2007) (emphasis added.)
As indicated, I have no information regarding the requested ID numbers. If, however, these numbers provide access to computerized data, I believe it is clear that subsection 25-19-105(b)(11) prevents access to such numbers. Further insight into this particular exemption can be gained by reviewing the Report of the Electronic Records Study Commission, a body that was created pursuant to Act 1060 of 1999 and charged with the task of studying public access to electronic or computerized records under the FOIA, and with developing recommendations for amendments to the FOIA for consideration by the 83rd
General Assembly. Subsection 25-19-105(b)(11) was added to the FOIA in response to the Commission's recommendation. Regarding this provision, the Commission's Report stated:
 This provision addresses a problem pointed out by the Department of Information Systems regarding security-related information in government computer systems and networks. In short, security information in public records is potentially available under the FOIA. It is likely that transactional information, including credit card numbers, would often be available as well. The opportunity for mischief is obvious and would be eliminated by the proposed amendment, which exempts records containing security information, i.e., passwords, personal identification numbers, transaction authorization mechanisms, and other means of preventing unauthorized access. While it could be argued that some of all of this information does not constitute a record of official performance or lack thereof, and thus not be subject to disclosure, the proposed amendment provides needed certainty in this regard.
Report of the Electronic Records Study Commission Recommendations forAmendments to the Arkansas Freedom of Information Act (December 15, 2000) at 26. *Page 7 
With regard finally, to the balance of the information requested, although the salaries of public employees are generally subject to inspection under the FOIA, my predecessors have previously stated that "records reflecting federal tax information and withholding are exempt from public inspection and copying." See Op. Att'y Gen. Nos. 2005-194
and 2001-112. In this regard, I note that the requester in this instance seeks "[a]ll wages filed on W2 forms." You have indicated that you intend to respond, not by providing any such federal forms, but by supplying a series of reports prepared by the payroll department. In my opinion, this action is consistent with the FOIA. I assume further, that although the requester seeks "any other information the county maintains in payroll records," the proposed reports will not include any personal financial information included in the county's payroll records, such as bank account numbers or direct deposit authorizations. See, e.g., Op. Att'y Gen. 2005-194 (concluding that direct deposit authorization records are exempt from disclosure under A.C.A. § 25-19-105(b)(12)).
Bearing in mind the above referenced assumptions and the exemption for personal identification numbers, your decision in my opinion is consistent with the FOIA.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General *Page 1